**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISON**

| | |
|---|---|
| WORKINEH G. LIBEN,<br><br>Plaintiff,<br><br>v.<br><br>LENDMART, LLC,<br><br>Defendant. | Case No. 3:19-cv-04394-SK<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

**NOW COMES**, Workineh G. Liben ("Plaintiff"), through his counsel, WAJDA LAW GROUP, APC, complaining as to the conduct of Lendmart, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to TCPA and 28 U.S.C. § 1331.

3. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331

1

and 1337, as the action arises under the laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6. Defendant is a financial services company. Defendant's principle office is located at 6420 Wilshire Boulevard, Suite 230, Los Angeles, California 90048.

**FACTS SUPPORTING CAUSE OF ACTION**

7. In early 2015, Plaintiff obtained a title loan in the amount $2,000.00 ("subject debt") from Defendant.

8. For approximately a year, Plaintiff made timely payments to the subject debt.

9. In 2016, Defendant improperly charged Plaintiff twice and was unable to correct their error. Plaintiff was no longer able to maintain timely payments on the subject debt due to the charging error, which resulted in default.

10. Defendant began placing phone calls to Plaintiff's cellular phone number, (650) XXX-1647.

11. At all times relevant to the instant action, Plaintiff was the sole owner, possessor, and operator of the telephone number ending in 1647.

12. Soon after Defendant's calls began, Plaintiff demanded it cease calling his cellular phone number.

13. Plaintiff received no less than six calls per day from Defendant, many of which, representatives informed Plaintiff that it would file legal action and report him to the IRS for unpaid debt.

14. Due to Defendant's incessant phone calls and baseless threats, Plaintiff hired Lexington Law to file an immediate cease and desist to halt Defendant's harassment.

15. Defendant adhered to Plaintiff's demands for a brief time. In early 2018, Defendant again began placing a harassing volume of phone calls to Plaintiff's cellular phone number without his prior consent.

16. Plaintiff was forced to change his phone number in effort to avoid Defendant's further harassing phone calls.

17. At present, Plaintiff continues to receive emails from Defendant in relation to the subject debt.

18. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

19. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

20. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

21. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

22. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

## DAMAGES

22. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time consulting with his attorneys as a result of Defendant's unconscionable conduct.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

4

28. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between early 2016 and the present day, using an ATDS without his prior consent.

31. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

32. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

34. Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff WORKINEH G. LIBEN respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violation of Cal. Civ. Code § 1788.11(d)**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

41. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demand was done with the purpose of annoying Plaintiff into paying the subject debt.

42. Defendant disregarded Plaintiff's request, and continued its calls to Plaintiff, with the goal of annoying Plaintiff into paying the subject debt.

    b. **Violations of RFDCPA § 1788.11(e)**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be

6

unreasonable and to constitute a harassment to the debtor under the circumstances."

44. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite his demand was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing him.

45. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff WORKINEH G. LIBEN respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as the Honorable Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: August 22, 2019                                          Respectfully submitted,


                                                               By: */s/ Nicholas M. Wajda*

                                                               Nicholas M. Wajda
                                                               **WAJDA LAW GROUP, APC**
                                                               6167 Bristol Parkway
                                                               Suite 200
                                                               Culver City, California 90230
                                                               Telephone: 310-997-0471
                                                               Facsimile: 866-286-8433
                                                               E-mail: nick@wajdalawgroup.com